IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Accor Franchising North America, LLC,  )
)  2:12-cv-00762-GEB-CKD
)
          Plaintiff,  )
)  <u>ORDER TO SHOW CAUSE AND</u>
    v.  )  <u>CONTINUING STATUS (PRETRIAL</u>
)  <u>SCHEDULING) CONFERENCE</u>
Elohim Ent. Inc., Gondosinaryo Listyo,  )
)
          Defendants.  )
_____  )

        The June 19, 2012 Minute Order rescheduled the status conference in this case for October 1, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 9.) A status report was required to be filed regardless of whether a joint report could be procured. See March 26, 2012 Order Setting Status (Pretrial Scheduling) Conference 2 n.1, ECF No. 3. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 1, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

a hearing is requested, it will be held on October 15, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

      IT IS SO ORDERED.

Dated: September 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1](...continued) of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).

2