IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Accor Franchising North America, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Elohim Ent. Inc., Gondosinaryo Listyo,<br><br>　　　　　Defendants.<br>_____ | 2:12-cv-00762-GEB-CKD<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　The June 19, 2012 Minute Order rescheduled the status conference in this case for October 1, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 9.) A status report was required to be filed regardless of whether a joint report could be procured. See March 26, 2012 Order Setting Status (Pretrial Scheduling) Conference 2 n.1, ECF No. 3. No status report was filed as ordered.

　　　　Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 1, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

　　[1] "If the fault lies with the attorney, that is where the impact
(continued...)

a hearing is requested, it will be held on October 15, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: September 20, 2012

*[signature]*
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1](...continued)
of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).