IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ACCOR FRANCHISING NORTH
AMERICA, LLC,

        Plaintiff,                          No. 2:12-cv-0762 GEB CKD

   vs.

ELOHIM ENT. INC., et al.,

        Defendants.                  FINDINGS & RECOMMENDATIONS

       Presently before the court is plaintiff's motion for default judgment against defendant Gondosinaryo Listyo. This matter is submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

       In this action, plaintiff seeks damages for breach of contract-franchise agreement, breach of contract-guaranty, audit demand/accounting and unjust enrichment. Plaintiff's claims arise out of a franchise agreement for operation of a Motel 6 at 3240 Mather Field Road in Rancho Cordova, California. The record reflects that defendant Gondosinaryo Listyo was properly served by publication pursuant to the order filed July 10, 2012 allowing such service. Default against defendant Gondosinaryo Listyo was entered on March 27, 2013. Plaintiff seeks an entry of default judgment in the total amount of $114,805.63, comprising $20,060.78 for past

1

due franchise fees, $75,000.00 for liquidated damages, prejudgment interest of $7,129.55 and $12,615.30 for attorneys fees and costs.  Default judgment against co-defendant Elohim Ent. Inc. was entered in this amount on February 21, 2013.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The application for default judgment and the exhibits and affidavits attached thereto also support the finding that plaintiff is entitled to the relief in the form of monetary damages requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  The amount sought is supported by the affidavits submitted in support of the motion for default judgment.  Savas Declaration, ¶ 19 (personal guaranty of defendant Listyo); Complaint, Exhibit A, Franchise Agreement, ¶ 13.6 (provision allowing for liquidated damages in the amount of $75,000.00).  Plaintiff also requests prejudgment interest at the rate of 6%, calculated under Texas law.  Complaint, Exhibit A, Franchise Agreement, ¶ 4.7.  The franchise agreement provides for the application of Texas law; prejudgment interest should therefore be awarded pursuant to the terms of the contract.  Plaintiff is also entitled to attorneys fees under the franchise agreement at issue here and the amount claimed is reasonable.  Ganzberger Declaration; Complaint, Exhibit A, Franchise Agreement, ¶ 22.8.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (dkt. nos. 33, 36) against defendant Gondosinaryo Listyo, jointly and severally with defendant Elohim Ent. Inc., be granted in the amount of $114,805.63; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
accor0762.def2